UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Derek Mortland, | ) | CASE NO.:   4:21-CV-00894 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| NAFFAH Investments, LLC, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | (Resolves Docs. 7 and 9) |
| | ) | |

Currently pending before this Court is Defendant Naffah Investments, LLC's ("Naffah") motion to dismiss Plaintiff Derek Mortland's ("Mortland") first amended complaint arguing Mortland lacks standing to bring this action, depriving this Court of subject matter jurisdiction such that Mortland's first amended complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). (Mot. to Dismiss First Am. Compl. 1, ECF No. 9.) Mortland timely opposed Naffah's motion to dismiss his first amended complaint. (Opp'n to Mot. to Dismiss First Am. Compl., ECF No. 10.) Upon review of the briefed issues, and for the reasons explained herein, this Court finds that Mortland does have standing to bring this action such that this Court does possess subject matter jurisdiction over the matter. Therefore, Naffah's motion is hereby DENIED. A thorough discussion of the case, the applicable law, and this Court's decision follows.

I. **BACKGROUND**

    A. **Original Complaint**

On April 29, 2021, Mortland filed his original complaint seeking injunctive relief and monetary damages against Naffah pursuant to Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181, *et seq.* ("ADA"); Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative

1

Code 4101:1-11, *et seq.* asserting he was discriminated against due to his disability when Naffah failed to remove architectural barriers in a place of public accommodation. (Compl. ¶ 1, ECF No. 1.) On June 23, 2021, Naffah filed a motion to dismiss Mortland's original complaint. (Mot. to Dismiss, ECF No. 7.) On June 24, 2021, Mortland filed his first amended complaint against Naffah once again seeking injunctive relief and monetary damages pursuant to the ADA, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code 4101:1-11, *et seq.* arguing Naffah discriminated against him when it failed to remove architectural barriers in a place of public accommodation. (First Am. Compl. ¶ 1, ECF No. 8.)

As a brief note regarding the motion practice involving Mortland's original complaint: upon filing a complete amended complaint that did not refer to or adopt his original complaint, Mortland superseded his original complaint with his first amended complaint, rendering the original complaint null and the first amended complaint as the operative pleading in this matter. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) ("Generally, amended pleadings supersede original pleadings"). When an amended pleading is "complete in itself and does not refer to or adopt a former pleading as part of it[,]" then the amended pleading supersedes the former pleading. *Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 131 (6th Cir. 2014). Accordingly, because Mortland's original complaint was superseded by the first amended complaint, Naffah's motion to dismiss Mortland's original complaint is hereby DENIED as MOOT.

**B. First Amended Complaint**

As stated in the first amended complaint, a Hampton Inn, owned and operated by Naffah, is located at 6690 Ironwood Blvd., Canfield, Ohio 44406 (hereinafter "Hampton Inn"). (First Am. Compl. ¶¶ 2, 6-10, ECF No. 8.) Mortland stayed at the Hampton Inn on July 30, 2020 and July 31, 2020. (*Id.* at ¶¶ 2, 13.) Mortland, an individual with physical limitations which require the use of

a wheelchair, claims that during his stay at the Hampton Inn he was denied "access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations" of the Hampton Inn due to "architectural barriers" present at the Hampton Inn, denying Mortland "his civil rights and full and equal access" to a public accommodation, violating both federal and Ohio law. (*Id.* at ¶¶ 1-2, 5, 10-11, 14, 18, 53, 63.) In his first amended complaint, Mortland enumerated sixty-eight alleged architectural barriers to access he experienced at the Hampton Inn. (*Id.* at ¶ 15.) Given the alleged violations, Mortland seeks injunctive relief in the form of an order from this Court requiring Naffah make the Hampton Inn accessible, under the requirements of the ADA and Ohio law, to those persons with disabilities. (*Id.* at ¶¶ 20, 22, 54-55, 61.) Mortland also seeks "damages for violation[s]of his civil rights, from the date of his visit until such date as [Naffah] brings the establishment into full compliance with the requirements of Ohio and federal law." (*Id.* at ¶¶ 20, 23, 26, 56, 61-62, 64-66.)

Mortland alleges that he intends to "patronize" the Hampton Inn once it "is made fully accessible to a disabled person in a wheelchair" because he wishes to "avail himself of the [Hampton Inn's] services." (*Id.* at ¶¶ 28, 32.) Mortland claims that he intends to return to the Hampton Inn in the future, once "accessibility remediations have occurred," because it is conveniently located for his business and personal matters – including sporting events he attends, visiting his friends and family, and conducting work for his accessibility consulting firm Advanced Access, LLC. (*Id.* at ¶¶ 30-31, 33, 35-42.) Mortland further alleges that because he was previously "denied access" to the Hampton Inn, he has not yet returned because he expects "he will be discriminated against upon his return." (*Id.* at ¶¶ 29, 54.) Mortland also confirms that he intends to return to the Hampton Inn in 2022 "as an ADA tester on an annual basis . . . to ascertain whether [Naffah] removed the barriers to access which are the subject of this litigation." (*Id.* at ¶ 43.)

**II. SUBJECT MATTER JURISDICTION**

    **A. Standard of Review – Federal Rule of Civil Procedure 12(b)(1)**

The question before this Court is whether it possesses power, or subject matter jurisdiction, over the instant matter. If this Court lacks subject matter jurisdiction, the instant matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). Motions to dismiss for lack of subject matter jurisdiction, brought pursuant to Federal Rule of Civil Procedure 12(b)(1), "generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.3d 320, 325 (6th Cir. 1990)). A facial attack "questions merely the sufficiency of the pleading" alleging subject matter jurisdiction, and a court reviewing this type of attack "takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Gentek*, 491 F.3d at 330. *See also Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 579 (6th Cir. 2014) (explaining that in analyzing facial attacks, a 12(b)(6) motion standard is employed where the allegations in the complaint are accepted as true and all inferences are drawn in favor of the non-moving party).

In a factual attack, however, "the court does not presume that the plaintiff's factual allegations are true." *Global Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015) (citing *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1045 (6th Cir. 2015)). Instead, "'the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction.'" *Global Tech.*, 807 F.3d at 810 (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)). "District courts have 'wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts.'" *Global Tech.*, 807 F.3d at 814 (quoting *Gentek*, 491 F.3d at 330). With a motion to dismiss brought pursuant to

4

Federal Rule of Civil Procedure 12(b)(1) attacking "the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005).

Although Naffah submitted additional information attached to its motion to dismiss, this additional information does not "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings" such that Naffah's attack can be construed as a factual attack upon subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 890-91 (3d Cir. 1977)) (internal quotation marks omitted). The information provided by Naffah, including Mortland's litigation history and the proximity of the Hampton Inn to locations Mortland allegedly wishes to frequent, are not facts that are apart from Mortland's pleadings attacking the factual basis for subject matter jurisdiction. (*See* Mot. to Dismiss First Am. Compl. Ex. 1, ECF No. 9-1.) Accordingly, Naffah's attack upon subject matter jurisdiction in this case will be analyzed as a facial attack such that the allegations in Mortland's first amended complaint will be accepted as true.

**B. Standing**

The threshold subject matter jurisdiction issue before this Court is standing. If Mortland fails to demonstrate he has standing to bring this matter, this Court lacks subject matter jurisdiction over the entirety of the action, and it must be dismissed. *See Ward v. Alternative Health Delivery Sys.*, 261 F.3d 624, 626 (6th Cir. 2001) ("Standing is thought of as a 'jurisdictional' matter, and a plaintiff's lack of standing is said to deprive a court of jurisdiction").

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the Constitution of the United States grants federal courts the judicial power to resolve cases and controversies. U.S. CONST. art. III, § 2, cl. 1. "[R]ooted in the traditional understanding of a case or controversy" is the doctrine of standing, which "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

To establish standing, the party must, first, "have suffered an injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations and internal quotation marks omitted). Second, there must be a "causal connection" between the injury and the defendant's conduct. *Id*. (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)). Finally, the injury must likely be redressed by a favorable decision of this Court. *Lujan*, 504 U.S. at 561. "[T]he party invoking federal subject matter jurisdiction[] has the burden of demonstrating that he satisfies each element of Article III standing." *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008) (citing *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir. 2002)).

Of the three elements establishing Article III standing, Naffah specifically takes aim at whether Mortland properly alleges that he has suffered an injury in fact. (Mot. to Dismiss First Am. Compl. 5-12, ECF No. 9.) This Court's inquiry into this first element of standing has two prongs because Mortland is seeking injunctive relief under the ADA; with respect to the injury in fact element, "[t]he injury inquiry is thus twofold where a plaintiff requests injunctive relief, as it requires plaintiff to show both 'past injury and a real and immediate threat of future injury.'" *Mosley v.*

6

*Kohl's Dep't Stores, Inc.*, 942 F.3d 752, 756 (6th Cir. 2019) (quoting *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013)). In the instant matter, Naffah argues that Mortland lacks standing to bring this action because the allegations contained in his first amended complaint do not demonstrate a real and immediate threat of future injury, therefore depriving this Court of subject matter jurisdiction. (Mot. to Dismiss First Am. Compl. 7-12, ECF No. 9.) Because Naffah does not assert arguments regarding any other elements of Article III standing, or whether Mortland suffered a past injury, this Court's analysis will focus solely upon whether Mortland sufficiently demonstrated a real and immediate threat of future injury such that he has standing to bring this action.

1) Real and Immediate Threat of Future Injury

There is a real and immediate threat of future injury if Mortland can establish "(1) a plausible intent to return to the noncompliant accommodation or (2) that he would return, but is deterred from visiting the noncompliant accommodation because of the alleged accessibility barriers." *Mosley*, 942 F.3d at 757 (quoting *Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 580 (6th Cir. 2014)) (internal quotation marks omitted). Because this Court has determined that the attack upon subject matter jurisdiction in this case is a facial attack such that the allegations in the complaint will be accepted as true, the first question is whether Mortland's first amended complaint plausibly alleges he intends to return to the Hampton Inn.

To plausibly demonstrate an intent to return to the Hampton Inn, Mortland "must show more than a 'some day' intent to return." *Mosley*, 942 F.3d at 759. This does not mean, however, that Mortland must demonstrate "definitive plans for returning to the accommodation itself to establish a threat of future injury." *Id.* at 760. "It is enough to allege an intent to return to the area and an interest in visiting the accommodation in the future when it becomes ADA-compliant." *Id.* at 759.

7

Furthermore, "frequent visits and concrete plans to return to the geographic area support a plausible inference of intent to return to the accommodation." *Id.* In the present case, Mortland alleges an intent to return to the geographical area of the Hampton Inn for both business and personal reasons. (First Am. Compl. ¶¶ 30-31, 33, 35, ECF No. 8.) Mortland's first amended complaint provides that his company, Advanced Access, LLC, frequently performs work in Mahoning County, which is a short drive away from the Hampton Inn. (*Id.* at ¶¶ 33, 35.) Mortland also alleges that he visits, at least ten days per year, racing events Garrettsville, Ohio, which is in the "Mahoning County area" such that the Hampton Inn is a convenient location for him. (*Id.* at ¶¶ 36-40.) Furthermore, Mortland alleges that he regularly visits his family and friends residing in Akron, Boardman, and Brimfield, Ohio, which are near Mahoning County. (*Id.* at ¶ 42.)

Although Naffah takes issue with Mortland alleging the Hampton Inn is a convenient location given the distances between the Hampton Inn and certain geographic points Mortland specifically discusses in his first amended complaint, this Court accepts as true Mortland's allegations that he intends continue visiting Mahoning County such that the Hampton Inn is a convenient accommodation he would patronize should it become ADA compliant. More specifically, this Court finds that Mortland has established that he regularly visits the area, either for business, to attend racing events nearby, or to visit family and friends. This lends to this Court finding that Mortland has plausibly pled that he intends to return to the Hampton Inn. This plausibility standard does not require concrete assertions that he certainly will return to the Hampton Inn, but rather that the needle points more to the plausible inference of future patronage than mere possibility of future patronage. Therefore, because this Court finds that Mortland has plausibly alleged he plans to return to the Hampton Inn in his first amended complaint, Mortland has sufficiently demonstrated a real and immediate threat of future injury such that he has standing to bring this action. This

Court, accordingly, possesses subject matter jurisdiction over this action and Naffah's motion to dismiss is hereby DENIED.

### III. CONCLUSION

For the foregoing reasons, Naffah's motion to dismiss Mortland's original complaint is hereby DENIED as MOOT. (Mot. to Dismiss, ECF No. 7.) In addition, this Court finds that Mortland has properly demonstrated he has standing to bring this action, and, therefore, this Court does possess subject matter jurisdiction over the instant matter. Because the remainder of the claims, that arise under state law, are so related to Mortland's claim under the ADA, this Court will also exercise supplemental jurisdiction over these remaining state law claims contained in the first amended complaint pursuant to 28 U.S.C. § 1367(a). Therefore, Naffah's motion to dismiss Mortland's first amended complaint is hereby DENIED. (Mot. to Dismiss First Am. Compl., ECF No. 9.)

IT IS SO ORDERED.

DATE: 2/24/2022

/s/ John R. Adams
Judge John R. Adams
UNITED STATES DISTRICT COURT